UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHONDELL CROCKER,<br><br>Plaintiff,<br><br>-against-<br><br>EXPRESS PROS EMPLOYMENT PROFESSIONALS,<br><br>Defendant. | 1:26-CV-6926 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Shondell Crocker,[1] brings this action *pro se*, asserting claims of discrimination under Title VII of the Civil Rights of 1964 ("Title VII") and 42 U.S.C. § 1981, as well as claims under state law. He sues Defendant Express Pros Employment Professionals, "a business organization/entity/employer doing business in . . . Long Island City," Queens County, New York. (ECF 1, at 8.) The Court construes Plaintiff's complaint as asserting claims under Title VII, Section 1981, the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL"), and other claims under state law. For the reasons discussed below, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

### A. Claims under Title VII

The applicable venue provision for Plaintiff's claims under Title VII is found at 42 U.S.C. § 2000e-5(f)(3), which provides that such claims may be brought in a United States District Court for:

---

[1] Plaintiff, in one part of his complaint, alleges that he resides in Newark, New Jersey (ECF 1, at 2-3), but in another part of his complaint, alleges that he resides in New York, New York (*id.* at 8).

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff, while not specific, seems to allege that at least some of the events giving rise to the alleged unlawful employment practices took place at Defendant's office in Long Island City, Queens County, New York. (*See* ECF 1, at 8-9.) It would also appear that the relevant employment records are maintained and administered in that office, in Queens County. (*See id.*) In addition, it seems that Plaintiff would have worked at that office, in Queens County, but for the alleged unlawful employment practices. (*See id.*) Finally, it seems that Defendant's principal office may be in Queens County. (*See id.* at 8.) Queens County lies within the Eastern District of New York, not this judicial district.[2] *See* 28 U.S.C. § 112(b), (c). But under Section 2000e-(f)(3), this court, and the United States District Courts for the Eastern, Northern, and Western Districts of New York are all proper venues for Plaintiff's claims under Title VII.

**B. Claims under Section 1981 and under state law**

The applicable venue provision for Plaintiff's remaining claims, including his claims under Section 1981 and under state law, such as his claims under the NYSHRL and NYCHRL, is

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island): (4) Nassau; and (5) Suffolk. *See* 28 U.S.C. § 112(c).

found at 28 U.S.C. §1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in a United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

Plaintiff seems to allege that Defendant resides in Long Island City, Queens County (ECF 1, at 8), in the Eastern District of New York, not in this judicial district, *see* § 112(b), (c). Thus, under Section 1391(b)(1), the United States District Court for the Eastern District of New York, and not this court, is a proper venue for Plaintiff's claims under Section 1981 and under state law. He also seems to state that a substantial part of the events that are basis of his Section 1981 and state-law claims took place in Long Island City, Queens County (ECF 1, at 8-9), in the Eastern District of New York, not in this judicial district, *see* § 112(b), (c). Thus, it would appear that, under the Section 1391(b)(2), the United States District Court for the Eastern District of New York, and not this court, is a proper venue for Plaintiff's Section 1981 and state-law claims.

**C. Transfer of this action under 28 U.S.C. § 1404(a)**

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a jurisdiction where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C.

§ 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of this action to the United States District Court for the Eastern District of New York appears to be appropriate. A significant portion, if not, all of the alleged events occurred, and the Defendant is located and resides, in Queens County, in the Eastern District of New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be

permitted to proceed without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 20, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge